UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CAROLYN REYNOLDS MATTHEWS,       )
                                 )
        Plaintiff,                )
                                 )   1:12-CV-318
v.                               )
                                 )   Judge Curtis L. Collier
THE TENNESSEE DEPARTMENT OF      )
CORRECTIONS, *et al.*,           )
                                 )
        Defendants.               )

# MEMORANDUM

Before the Court is a motion to dismiss Plaintiff's amended complaint (Court File No. 13) filed by Defendants Derrick D. Schofield, Charles Traughber, Janet Gale Reed, Sandra Caldwell, and Gary Tullock, in their individual and official capacities, and the Tennessee Department of Corrections. *Pro se* Plaintiff Carolyn Reynolds Matthews ("Plaintiff") filed a response in opposition (Court File No. 17). For the following reasons, the Court will **GRANT IN PART and DENY IN PART** Defendants' motion to dismiss Plaintiff's amended complaint (Court File No. 13).[1]

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an African-American female employed by the State of Tennessee (Court File No. 5 ("Am. Compl."), ¶ 7). She alleges Defendants engaged in "unlawful employment practices" by violating the Tennessee Department of Personnel Rules regarding promotions and performance

---

[1] Defendants also filed a motion to dismiss Plaintiff's original complaint (Court File No. 2). Because Plaintiff has since amended her complaint and Defendants subsequently filed a motion to dismiss the amended complaint, the Court will **DENY as MOOT** Defendants' motion to dismiss the original complaint (Court File No. 2).

evaluations (*id.* ¶ 8). Plaintiff avers she filed an EEOC charge in 2004 alleging disparate treatment under Title VII and the Tennessee Human Rights Act as to the terms and conditions of her employment (*id.* ¶ 9). In February 2004, she informed the "Appointing Authority" of her grievance in writing and described the discrimination and hostile work environment that she experienced (*id.* ¶ 12). Two years later, Plaintiff received a determination from the Nashville area office of the Equal Employment Opportunity Commission ("EEOC") that there was "reasonable cause to believe that the Tennessee Department of Probation and Parole violated Title VII, as amended, by subjecting Plaintiff to unfair terms and conditions of their employment because of her race and gender, Black female" (*id.*).

Plaintiff alleges Defendants unlawfully retaliated against her for filing and/or participating in this formal complaint (*id.* ¶ 9). She claims Defendants were aware of the charge and the subsequent findings (Am. Compl. ¶ 13). She states that on November 10, 2010, she filed an employee grievance with the Tennessee Board of Probation and Parole ("BOPP") Human Resource Office and alleged her formal evaluation was completed more than five months past the allowable time period pursuant to BOPP Policy # 204.01, 11-014 and Tennessee Department of Personnel Rule 1120-05-.05 (*id.* ¶ 14). She further alleges Defendants Sandra Caldwell and Janet Gale Reed, Deputy District Director and District Director of the Tennessee Department of Corrections, respectively, made false reports or gave false information about her job performance. She claims this negatively affected her standing with the agency and resulted in her being denied promotional opportunities (*id.* ¶ 15). Defendant Charles Traughber, former board chairman of the BOPP, reviewed Plaintiff's grievance on behalf of the agency (*id.* ¶ 16). The agency determined "there was nothing in the evaluation cycle that would require the evaluation time period to be declared void" (*id.*). The agency

further determined Plaintiff's concern did not rise to the level of a grievable matter (*id.*). Plaintiff claims "[o]ther similarly situated non-protected employees, including David Lane, White male, within the Department have not been subjected to the same or similar conduct" (*id.* ¶ 17).

Plaintiff claims her evaluation was intentionally rated low, which prevented her from being considered for the position of Deputy District Director when it became available (Am. Compl. ¶ 19). She also avers she was not given adequate resources to do her job, noting she did not have an office nor did she have adequate staffing or access to information concerning her case files (*id.* ¶ 21). As a result, Plaintiff claims she was unable to do her job, which resulted in her "constructive discharge" (*id.* ¶ 23). Plaintiff alleges Defendant Gary Tullock, former State Director of the Tennessee Department of Probation and Parole and former Assistant Commissioner of the Tennessee Department of Corrections, was made aware of her allegations but took no steps to correct them (*id.* ¶ 22). Plaintiff also claims she was not afforded minimal due process under the Tennessee Department of Personnel Rules.

Plaintiff's initial complaint was filed on September 26, 2012 (Court File No. 1). She subsequently filed an amended complaint on November 9, 2012 (Court File No. 5). In the amended complaint, Plaintiff alleges Defendants' conduct resulted in violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 *et seq.* She also brings a 42 U.S.C. § 1983 claim against Defendants. Plaintiff seeks punitive damages and compensatory damages, including damages for humiliation and embarrassment.

## II. STANDARD OF REVIEW

Defendants seek dismissal under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(1) addresses whether the district court has subject matter jurisdiction over the plaintiff's claims. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a defendant may challenge the Court's subject matter jurisdiction through a facial attack or a factual attack. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A facial attack "questions merely the sufficiency of the pleading." *Id.* A court must take the allegations in the complaint to be true when reviewing a facial attack. *Id.* On the other hand, where there is a factual attack, the Court must weigh conflicting evidence provided by the plaintiff and the defendant to determine whether subject matter jurisdiction exists. *Id.* Such evidence can include, and is not limited to, "affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* The party asserting that subject matter jurisdiction exists has the burden of proof. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007).

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859.

Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Although *pro se* individuals are often given a degree of lenity in filing their pleadings, they must still adhere to basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The *pro se* party must "conduct enough investigation to draft pleadings that meet the requirements of federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984).

**III.   DISCUSSION**

Defendants seek dismissal of Plaintiff's amended complaint on several grounds (Court File No. 13). They contend Plaintiff's Title VII and THRA claims against Defendants Schofield, Traughber, Reed, Caldwell, and Tullock, in their individual capacities (collectively, "Individual Defendants"), should be dismissed because the statutes generally do not allow for individual liability. They further argue Plaintiff's Title VII and THRA claims against Defendant Tennessee

5

Department of Corrections and Defendants Schofield, Traughber, Reed, Caldwell, and Tullock in their official capacities (collectively, "State Defendants"), should be dismissed because the claims are time-barred under the applicable statute of limitations and because Plaintiff failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

With respect to Plaintiff's 42 U.S.C. § 1983 claims, Defendants aver Plaintiff's claims should be dismissed against the Individual Defendants under Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted. Further, Defendants argue Plaintiff's 42 U.S.C. § 1983 claims should be dismissed against the State Defendants because they are not "persons" as defined by the statute, they are protected by the doctrine of sovereign immunity, and the claims fall outside the applicable statute of limitations. The Court will address each issue in turn.

### A. Title VII and THRA Claims

Title VII of the Civil Rights Act of 1964 provides that "it shall be an unlawful employment practice for an employer to . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Claims of discrimination, failure to promote, and retaliation, among others, brought under the THRA are analyzed using the same standards as the equivalent Title VII claim. *See, e.g., Barrett v. Whirlpool Corp.*, 556 F.3d 502, 516 (6th Cir. 2009) (retaliation); *Jackson v. Canes Corp.*, 191 F.3d 647, 658 (6th Cir. 1999) (harassment); *Day v. Krystal Co.*, 471 F. Supp. 2d 874, 883 (E.D. Tenn. 2007) (discrimination, hostile work environment, and failure to promote).

#### 1. Individual Defendants

Defendants seek dismissal of Plaintiff's Title VII claims against the Individual Defendants

6

because they contend the Individual Defendants cannot be found personally liable under Title VII. As explained by the United States Court of Appeals for the Sixth Circuit, "the statute as a whole, the legislative history and the case law support the conclusion that Congress did not intend individuals to face liability under the definition of 'employer.'" *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405-06 (6th Cir. 1997) (further noting "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII"). The only party Plaintiff expressly refers to as her employer under Title VII and the THRA is the Tennessee Department of Corrections. Because the Individual Defendants in this case cannot be "employers" for purposes of Title VII, Plaintiff's Title VII claims against those defendants must be **DISMISSED**.

Defendants also argue the Individual Defendants are not personally liable under the THRA. Generally, the "THRA is broader than Title VII in terms of who may be held liable for harassment and discrimination." *Carr v. UPS*, 955 S.W.2d 832, 835 (Tenn. 1997), *overruled on other grounds by Parker v. Warren Cnty. Util. Dist.*, 2 S.W.3d 170 (Tenn. 1999). Although there is generally no individual liability under the THRA, "an individual who aids, abets, incites, compels, or commands an employer to engage in employment-related discrimination has violated the THRA." *Id*. at 836. A defendant "cannot be held individually liable under the THRA for taking any actions adverse to [the plaintiff's] terms and conditions of employment that are within the legitimate scope of [the defendant's] delegated management authority." *Crutchfield v. Aerospace Ctr. Support*, No. 98-6105, 1999 WL 1252899, at *2 (6th Cir. Dec. 14, 1999). Such liability occurs only if the individual performs an act that is "separate and distinct from acting as a supervisor." *Eppes v. Enterprise Rent-A-Car Co.*, No. 3:05-CV-458, 2007 WL 1170741, at *11 (E.D. Tenn. Apr. 18, 2007).

Here, Plaintiff has failed to allege facts demonstrating any of the Individual Defendants

should be held personally liable under the THRA. Plaintiff's allegations pertain to actions the various defendants took while fulfilling their job duties. Although Plaintiff may have been dissatisfied with the actions or inactions of Defendants Caldwell, Reed, Traughber, and Tullock--and some of their actions may have been adverse to Plaintiff's interests--Plaintiff has not alleged that any of these Individual Defendants acted outside the scope of their authority. Plaintiff also fails to allege any facts demonstrating Defendant Schofield should be held personally liable under the THRA. Thus, because Plaintiff's amended complaint fails to allege any facts establishing the Individual Defendants can be held personally liable, the claims must be **DISMISSED**.

### 2. State Defendants

Defendants also seek dismissal of Plaintiff's Title VII and THRA claims against the State Defendants because they contend Plaintiff failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). As a preliminary matter, Defendants contend Plaintiff failed to allege in her amended complaint that she timely filed an EEOC charge. Therefore, her amended complaint should be dismissed on that grounds alone. Title VII requires that a party alleging an unlawful employment practice file an EEOC charge within 300 days after the alleged practice occurred. 42 U.S.C. § 2000e-5(e)(1). Plaintiff contends in her response that she did file an EEOC charge prior to filing suit in this case (Court File No. 17 at 2). Moreover, Plaintiff avers the EEOC charge number is 494-2011-01002--indicating the charge was filed in 2011--and that she listed this information in the caption of her original and amended complaint. In light of Plaintiff's averments and in the absence of any further response from Defendants on this matter, the Court will assume

8

for purposes of this motion only that Plaintiff has timely filed an EEOC charge under Title VII.[2]

Next, Defendants argue Plaintiff's Title VII and THRA claims should be dismissed because she failed to allege facts showing the State Defendants violated Title VII or the THRA. Defendants identify three claims raised in Plaintiff's amended complaint that they believe should be dismissed: (1) a race and/or gender discrimination claim; (2) a failure to promote claim; and (3) a retaliation claim.[3]

First, to establish a prima facie claim of discrimination under Title VII, a plaintiff must show "(1) [s]he is a member of a protected class; (2) [s]he was qualified for h[er] job; (3) [s]he suffered an adverse employment decision; and (4) [s]he was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008). Focusing solely on the third element, Defendants contend Plaintiff has not plausibly pleaded that she suffered an adverse employment decision. They argue the only adverse employment decision that Plaintiff mentions in her amended complaint is her low

---

[2] Defendants also seek dismissal of Plaintiff's THRA claims against Defendants because they contend the claims are outside the applicable statute of limitations. The THRA requires that the aggrieved party file an action "within one (1) year after the discriminatory practice ceases." Tenn. Code Ann. § 4-21-311(d); *Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996). Plaintiff's original complaint was filed September 26, 2012. Therefore, for her claims to be within the applicable limitations period, the discriminatory practices at issue would have needed to cease no earlier than September 26, 2011. Here, although Defendants contend the last act alleged in Plaintiff's amended complaint occurred on November 10, 2010, the Court observes Plaintiff alleged other acts in support of her claims that logically would have had to occur after this date--and those acts could place her claims within the applicable limitations period. At this point in time, the Court will not dismiss Plaintiff's *pro se* amended complaint on this basis. However, as the facts in the case are developed, the Court will gladly revisit this issue upon motion of Defendants. Plaintiff ultimately bears the burden of establishing her claims are not time-barred.

[3] In the amended complaint, Plaintiff also broadly avers she is bringing a harassment and/or hostile work environment claim against Defendants. Because Defendants do not challenge these particular claims in their motion to dismiss, the Court will not address them at this time.

9

performance evaluation, which is not actionable standing alone.

An adverse employment action is one that results in a "materially adverse change [to] the terms and conditions of [ ] employment [. . .]." *Hollins v. Atlantic Co., Inc.*, 188 F.3d 652, 662 (6th Cir. 1999); *McBroom v. Barnes & Noble Booksellers, Inc.*, 747 F. Supp. 2d 906, 916 (N.D. Ohio 2010). It is "an action by the employer that 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 402-03 (6th Cir. 2008) (citing *Burlington Industries v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)). A negative performance evaluation generally would not be considered an adverse employment action unless "the evaluation has an adverse impact on an employee's wages or salary." *Id.* (quoting *Tuttle v. Metropolitan Gov't of Nashville*, 474 F.3d 307, 322 (6th Cir. 2007); *see Primes v. Reno*, 190 F.3d 765, 767 (6th Cir. 1999) ("If every low evaluation or other action by an employer that makes an employee unhappy or resentful were considered an adverse action, Title VII would be triggered by supervisor criticism or even facial expressions indicating displeasure."). To demonstrate a low evaluation is an adverse employment action, "the plaintiff must point to a tangible employment action that she alleges she suffered, or is in jeopardy of suffering, because of the downgraded evaluation." *Id.* (quoting *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 789 (6th Cir.2000)).

Here, construing Plaintiff's *pro se* amended complaint liberally, the Court concludes Plaintiff has sufficiently alleged she suffered an adverse employment action. Plaintiff not only contends that Defendants Caldwell and Reed "made false reports and/or gave false information concerning my job performance," but she avers their evaluation of her performance "adversely affected [her] standing

10

with the agency thereby denying [her] promotional opportunities" (Am. Compl. ¶ 15). Plaintiff then specifically alleges that her "intentionally low-rated" scores prevented her from being considered for "promotional opportunities when the position of Deputy District Director became available" (*id.* ¶ 19). These factual allegations are sufficient at this stage to demonstrate Plaintiff suffered an adverse employment action. Moreover, the Court notes Plaintiff has sufficiently alleged plausible facts to satisfy the remaining elements including but not limited to the fact that she is an African American female and "other similarly situated non-protected employees, including David Lane, White male, within the Department have not been subjected to the same or similar conduct" (Am. Compl. 5 ¶ 17). Defendants also do not dispute her qualifications. While additional factual development will clarify whether Plaintiff's claims could survive a motion for summary judgment, at this stage, we need only focus on the sufficiency of Plaintiff's amended complaint. Plaintiff need only plead "a short and plain statement" containing enough factual content from which the Court can reasonably infer Defendants are liable. Because Plaintiff's discrimination claim satisfies this minimal requirement, the claim will not be dismissed.

Defendants also contend Plaintiff has not sufficiently pleaded a failure to promote claim. To establish a failure to promote claim, a plaintiff must be able to show "(1) she is a member of a protected class; (2) she applied for and was qualified for a promotion; (3) she was considered for and was denied the promotion; and (4) an individual of similar qualifications who was not a member of the protected class received the job at the time plaintiff's request for the promotion was denied." *White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 240 (6th Cir. 2005). The only issue that Defendants dispute with respect to this claim is that Plaintiff cannot satisfy the second element--that is, that she applied for and was qualified for a promotion. On the face of Plaintiff's amended

11

complaint, however, she avers that the untimely and low-rated evaluation "prevented [her] from receiving adequate consideration for promotional opportunities when the position of Deputy District Director became available" (Am. Compl. ¶ 19). Though additional factual development may reveal Plaintiff never applied for an actual Deputy District Director position, viewing the amended complaint in the light most favorable to Plaintiff, her allegation can be construed to sufficiently allege facts to support the second element. Therefore, the Court will not exclude Plaintiff's failure to promote claim at this stage.

The Court does, however, conclude Plaintiff's retaliation claim must be dismissed. To establish a prima facie claim of retaliation, a plaintiff must demonstrate "(1) she engaged in activity protected by Title VII; (2) the defendant knew of the plaintiff's exercise of her protected rights; (3) the defendant subsequently took an adverse employment action against the plaintiff or subjected the plaintiff to severe or pervasive retaliatory harassment; and (4) there was a causal connection between the plaintiff's protected activity and the adverse employment action." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 516 (6th Cir. 2009). "Protected activity" is activity directed against the specific evils made unlawful by Title VII, such as gender discrimination. *See* 42 U.S.C. § 2000e-3 ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has . . . participated in any manner in an investigation . . . under this subchapter."); *Barrett*, 556 F.3d at 520 ("With respect to 'protected activity,' the anti-retaliation provision of Title VII protects those who participate in certain Title VII proceedings . . . and those who oppose discrimination made unlawful by Title VII.") (citation omitted).

Defendants argue this claim should be dismissed because the only protected activity at issue

12

is Plaintiff's 2004 EEOC charge and there is no causal connection between its filing and the alleged adverse employment action. In particular, Defendants argue the six-year period between the filing of Plaintiff's EEOC charge and the alleged low performance evaluation is too distant to establish causation. The Court observes Plaintiff expressly states in her amended complaint that Defendants "engaged in unlawful retaliation for having filed and/or participated in a formal complaint, Carolyn Matthews v. Board of Probation and Parole EEOC Charge No. 253-2004-02195" (Am. Compl. ¶ 9). The next event alleged in the amended complaint does not take place until November 2010, when she files her grievance alleging her formal evaluation was completed five months after the allowable time period.[4]

"One way by which a plaintiff can demonstrate a causal connection is to show close temporal proximity between the adverse employment actions and the protected activity." *Taylor v. Geithner*, 703 F.3d 328, 339 (6th Cir. 2013) (citing *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 588 (6th Cir. 2009)). However, "where some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008). Here, as noted by Defendants, approximately six years passed between Plaintiff's filing of her first EEOC charge and her concerns pertaining to the performance evaluation. Even viewing the facts in the light most favorable to Plaintiff, the Court cannot reasonably infer a causal connection existed between the time Plaintiff engaged in protected

---

[4] In her response, Plaintiff claims she filed another EEOC charge in 2011, which could also be considered protected activity. However, nowhere on the face of the amended complaint does Plaintiff allege there was an adverse action taken against her that was causally connected to the filing of the 2011 EEOC charge. On the contrary, her retaliation arguments focus solely on the 2004 EEOC charge and Defendants' subsequent actions.

13

activity in 2004 and the subsequent adverse action in 2010 given the vast amount of time that passed between the two events as well as the fact that Plaintiff alleges no other retaliatory acts on the part of Defendants that occurred during this time period.[5] Accordingly, even assuming Plaintiff has pleaded plausible facts to satisfy all other elements of a prima facie retaliation claim, she has failed to plead facts that would satisfy the fourth prong. Thus, her retaliation claim must fail.

In sum, the Court **DENIES** Defendants' motion to dismiss with respect to Plaintiff's Title VII and THRA claims against the State Defendants, with the exception of Plaintiff's retaliation claim, which is **DISMISSED**.

### B. 42 U.S.C. § 1983 Claims

Plaintiff also asserts 42 U.S.C. § 1983 claims against Defendants for alleged constitutional violations. To state a general claim under § 1983, a plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). When a party brings a suit against an officer in his official capacity, it is construed as a suit against the governmental entity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

#### 1. Individual Defendants

Defendants argue Plaintiff failed to allege any constitutional violations against the Individual

---

[5] Plaintiff alleges in her amended complaint that "[t]he named Defendants herein were certainly aware of this Charge of Discrimination and the subsequent findings of the Commission" (Am. Compl. ¶ 13). Therefore, the Court assumes Plaintiff is alleging Defendants knew of the charge at the time it was filed. However, even assuming the relevant time period starts from the time Defendants learned of the findings in 2006, the four-year lapse of time and the absence of any intervening events demonstrating retaliation or harassment on the part of Defendants also would prevent the Court from reasonably inferring a causal connection existed.

Defendants.[6] To establish a § 1983 claim, a plaintiff must allege, among other things, that "the offending conduct deprived the plaintiff of rights secured under federal law." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Here, Plaintiff broadly alleges Defendants failed to provide her with minimum due process. The Court will liberally construe Plaintiff's amended complaint to allege a deprivation of both substantive and procedural due process under the Fourteenth Amendment.

Plaintiff fails to plead any facts demonstrating her substantive due process rights were violated. Plaintiff avers her employment evaluation was untimely and her scores were intentionally low-rated, which resulted in her not being considered for promotional opportunities. At best, Plaintiff is alleging she has a constitutionally protected property interest created by the policies of the state of Tennessee in obtaining a promotion. The United States Court of Appeals for the Sixth Circuit, however, has expressly held there is no substantive due process right to a promotion. *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990). Relying upon Supreme Court precedent, the Sixth Circuit explained substantive due process "affords only those protections 'so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Id.* (citations omitted). Moreover, "[s]tate-created rights such as [a plaintiff's] contractual right to promotion do not rise to the level of 'fundamental' interests protected by substantive due process." *Id.* Here, it is not clear

---

[6] Alternatively, Defendants contend Plaintiff's claims should be dismissed against the Individual Defendants because they fall outside the applicable statute of limitations. The applicable statute of limitations for § 1983 applying Tennessee law is one year. *See* Tenn. Code. Ann. § 28-3-104; *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) (noting federal courts apply the state personal injury statute of limitations in civil rights actions involving § 1983 claims). As noted by Defendants, nowhere does Plaintiff expressly allege a violation that occurred within one year of her filing the original complaint on September 26, 2012. At the same time, some of her allegations appear to involve events that occurred after she filed her 2010 grievance with the agency, which could potentially place them within the one year statute of limitations. Because the Court concludes Plaintiff's § 1983 claims must be dismissed for the reasons provided above, however, the Court will not decide this specific issue.

that Plaintiff was even entitled to a promotion. However, even assuming she was, Plaintiff's dissatisfaction with the evaluation process and its impact on her ability to receive consideration for a promotion is not afforded protection under substantive due process.

Plaintiff also contends Defendants Caldwell and Reed made false reports and gave false information concerning her job performance, presumably in her evaluation. Plaintiff avers their statements "adversely affected [her] standing with the agency thereby denying [her] promotional activities" (Am. Compl. ¶ 15). A person can have a protected liberty interest in her "'reputation, good name, honor, and integrity,' as well as in 'being free to move about, live, and practice his profession without the burden of an unjustified label of infamy.'" *Joelson v. United States*, 86 F.3d 1413, 1420 (6th Cir. 1996) (quoting *Chilingirian v. Boris*, 882 F.2d 200, 205 (6th Cir.1989)). "To establish a deprivation of a protected liberty interest in the employment context, a plaintiff must demonstrate stigmatizing governmental action which so negatively affects his or her reputation that it effectively forecloses the opportunity to practice a chosen profession." *Id.* (citing *Roth*, 408 U.S. at 573-74). A plaintiff must also allege in his or her complaint that the stigmatizing information was publicly disclosed. *Id.* (citing *Christian v. Belcher*, 888 F.2d 410, 416 (6th Cir.1989)). Here, assuming Plaintiff was asserting a liberty interest in her reputation, she has failed to plead plausible facts to survive a motion to dismiss. Although Plaintiff contends Caldwell and Reed's statements were false, the only harm alleged by Plaintiff is that their statements affected her standing in the agency and her ability to obtain a promotion. Plaintiff does not contend, however, that their statements kept her from practicing in the entire profession or completely foreclosed any similar work opportunities, nor does she allege their statements were ever disclosed to the general public. Thus, Plaintiff's claims on this ground must fail.

Finally, it appears Plaintiff may be asserting a procedural due process claim--that is, Plaintiff is contending Defendants failed to address her concerns about her evaluation and failed to promote her without proper notice and a hearing. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. [She] must have more than a unilateral expectation of it. [She] must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

The Court finds no case law supporting Plaintiff's contention that she has a property interest in her evaluation, though under limited circumstances a person may have such an interest in a promotion. *See Paskvan v. City of Cleveland Civil Service Comm'n*, 946 F.2d 1233, 1236-37 (6th Cir.1991). Even assuming Plaintiff had such an interest, however, the Court would still have to determine whether Defendants failed to provide her with adequate due process. Here, Plaintiff has not pleaded her available remedies were so inadequate that they could not redress the alleged wrongs. For example, Plaintiff admits she filed an employee grievance and that the agency reviewed her submission. Moreover, even if she was dissatisfied with the available grievance procedures, Plaintiff had other alternative state law remedies within her reach. *See Ramsey v. Bd. of Educ. of Whitley Cnty., Kentucky*, 844 F.2d 1268, 1274-75 (6th Cir. 1988) (concluding "an interference with a property interest in a pure benefit of employment, as opposed to an interest in the tenured nature of the employment itself, is an interest that can be and should be redressed by a state breach of contract action and not by a federal action under section 1983"); *Brown v. City of Detroit*, 259 F.

17

Supp. 2d 611, 620 (E.D. Mich. 2003) (concluding that, even if the plaintiff could establish a property interest in a promotion, he failed to plead that "the state's post-deprivation remedies for redressing the wrong are inadequate," where he had not only invoked his employer's grievance policy but also had available the option of filing a state-law breach of contract claim).[7]

In sum, the Court concludes Plaintiff has failed to plausibly allege facts showing the Individual Defendants committed any constitutional violations. In the absence of facts alleging any such violations, Plaintiff's § 1983 claims against the Individual Defendants must be **DISMISSED**.

### 2. State Defendants

Defendants also seek dismissal of Plaintiff's § 1983 claims against the State Defendants, *inter alia*, because the State of Tennessee is not a "person" and Plaintiff's claims against the other Defendants in their official capacities must be construed as claims against the State.[8] The statute provides:

> [e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

42 U.S.C. § 1983 (emphasis added). The United States Supreme Court, however, has expressly held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."

---

[7] Although Plaintiff avers she was constructively discharged in the amended complaint, unlike her other allegations, she does not contend she sought or was denied notice or a hearing on this matter. Accordingly, the Court need not apply the procedural due process analysis to the circumstances surrounding Plaintiff's "constructive discharge."

[8] Defendants also argue Plaintiff's claims are foreclosed under the doctrine of sovereign immunity. Because the State Defendants are not "persons" under § 1983, however, the Court need not determine whether sovereign immunity is applicable.

18

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, even without regard to the doctrine of sovereign immunity, "a § 1983 claim against the defendants in their official capacities cannot proceed because, by definition, those officials are not persons under the terms of § 1983." *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003). Because neither the State of Tennessee nor Defendants Schofield, Traughber, Reed, Caldwell, or Tullock in their official capacities are "persons" for purposes of § 1983, Plaintiff's claims against the State Defendants must be **DISMISSED**.

IV. **CONCLUSION**

For the foregoing reasons, the Court will **GRANT IN PART and DENY IN PART** Defendants' motion to dismiss Plaintiff's amended complaint (Court File No. 13). Plaintiff's Title VII, THRA, and § 1983 claims against the Individual Defendants are dismissed. Plaintiff's § 1983 claims against the State Defendants are dismissed. Finally, Plaintiff's Title VII and THRA claims against the State Defendants remain with the exception of Plaintiff's retaliation claim, which will be dismissed.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**